IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JONATHAN PENDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-cv-446 (LMB/IDD) |
| | ) | |
| JASON MIYARES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER[1]

On April 5, 2023, plaintiff Jonathan Pendleton ("Pendleton" or "plaintiff"), proceeding pro se, filed a 14-count Verified Complaint ("Complaint") against 26 individual defendants and groups of defendants, including Arlington Circuit Court Judge Louise DiMatteo, the Virginia Department of Behavioral Health and Development Services, the Arlington County Community Services Board, the Arlington County Department of Human Services, two inpatient psychiatric facilities in Virginia, the Attorney General of Virginia, the State Inspector General, the Clerk of the Circuit Court of Arlington County, and various employees of the aforementioned agencies

[1] On September 25, 2023, plaintiff filed an Emergency Petition for Writ of Mandamus in the United States Court of Appeals for the Fourth Circuit in which he asks the court of appeals to order that he be "released immediately" from being "effectively recommitted to the custody of the Commissioner of DBHDS." [Dkt. No. 12-1] at 20, 22. In addition, Pendleton asks the Fourth Circuit to consider "reassigning or removing [his] case to another division or district" and suggests that the undersigned judge be required to "disclose any associations with the Defendants/Respondents, any *ex parte* communication . . . with Virginia officials regarding the matter, and whether she should recuse herself for any other reason." Id. at 23-24. Plaintiff's filing of a petition for writ of mandamus does not deprive this Court of jurisdiction over this civil action. See, Nascimento v. Dummer, 508 F.3d 905 (7th Cir. 2007) ("Petitions for writ of mandamus do not destroy the district court's jurisdiction in the underlying case."); Federal Insurance Company v. United States, 882 F.3d 348, 362 (2d Cir. 2018).

and offices. Plaintiff has also filed an Application to Proceed in District Court Without Paying Fees or Costs, [Dkt. No. 2], a Motion for Appointment of Counsel, [Dkt. No. 3], an E-Noticing Registration Request [Dkt. No. 4], a Motion for Leave to Proceed Pseudonymously,[2] [Dkt. No. 5], and a Motion for Service of Summons by U.S. Marshals, [Dkt. No. 7]. On July 7, 2023, he filed a Petition for Writ of Habeas Corpus and Motion for Preliminary Hearing. [Dkt. No. 9]. Because he filed the Petition under the same civil action number, it has been treated as an exhibit to his Complaint, and not as a stand-alone habeas petition.

When a pro se litigant seeks to proceed in forma pauperis, a court must screen the complaint and dismiss the action if it is legally or factually frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A court has the authority not only to "dismiss a claim based on an indisputably meritless legal theory," but also "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A pro se complaint is "'to be liberally construed,' and . . . 'however inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers,'" King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Nevertheless, a pro se complaint "still must contain 'enough facts to state a claim for relief that is plausible on its face.'" Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

According to his Complaint, in March 2014, Pendleton entered a lecture hall at George Mason University and attacked an economics professor with pepper spray in an attempt to "effectuate a citizen's arrest" because plaintiff believed the professor had "gain[ed] unauthorized

[2] Plaintiff legally changed his name in 2020, [Dkt. No. 1] ¶ 74, and has filed this civil action using his former name. [Dkt. No. 5].

access to [his] computer . . . [in] furtherance of stalking or harassment." [Dkt. No. 1] ¶ 31. Pendleton was charged with malicious wounding by means of a caustic substance, abduction, assault, and battery in Arlington Circuit Court, [Dkt. No. 1-1] at 1, and on December 15, 2014, he was found not guilty by reason of insanity ("NGRI"). [Dkt. No. 1] ¶ 34. In accordance with Va. Code 19.2-182.2, the presiding judge, Judge DiMatteo, ordered Pendleton into the temporary custody of the Commissioner of Behavioral Health and Developmental Services for evaluation of whether release or commitment was appropriate. Id. ¶ 35. After a commitment hearing in May 2015, Pendleton was committed to Central State Hospital for inpatient treatment and was later transferred to the Northern Virginia Mental Health Institute. Id. ¶¶ 43-48. In January 2017, Judge DiMatteo granted Pendleton conditional release, and he was placed on outpatient treatment and monitoring by the Arlington County Community Services Board and the Arlington County Department of Human Services. Id. ¶¶ 49-50.

Between March 2019 and August 2020, Pendleton, with the assistance of counsel, filed several petitions for unconditional release, which Judge DiMatteo denied. Id. ¶¶ 53-101. In response to a report filed by his NGRI Coordinator that Pendleton had violated conditions of his release, Judge DiMatteo scheduled a show cause hearing for October 2020. Upon learning that the hearing had been scheduled, Pendleton "fled Arlington" and did not appear for the October 2020 show cause hearing. Id. ¶ 104. As a result, a warrant was issued for his arrest. Id. Because Pendleton left Virginia while he was on conditional release and did not have permission from the court, he could be charged with a felony. In accordance with Va. Code Ann. § 19.2-182.15, "[a]ny person placed on conditional release pursuant to § 19.2-182.7 who leaves the Commonwealth without permission from the court which conditionally released the person shall be guilty of a Class 6 felony."

In May 2021, at a hearing that Pendleton did not attend, Judge DiMatteo revoked his conditional release. Id. ¶ 105. Under Va. Code 19.2-182.8, the court may revoke an acquittee's conditional release and order him returned to the custody of the Commissioner of Behavioral Health and Developmental Services.

After leaving Virginia, Pendleton lived in Seattle, Washington, and Austin, Texas. Id. ¶¶ 106, 114. In August 2022, Pendleton was arrested in Austin, Texas on the October 2020 warrant and was held in custody for 10 days, but apparently was not returned to Virginia. Id. ¶ 115. The arrest warrant remains active, [Dkt. No. 9] at 4, and Pendleton is identified as a fugitive in the Arlington County Circuit Court records.

On August 23, 2022, Pendleton filed a Petition for Writ of Habeas Corpus in Arlington Circuit Court in which he identified his place of detention as "Warrant for arrest and return to the custody of the Commissioner." [Dkt. No. 1-1] at 1. In his petition to the circuit court, Pendleton raised several claims, including that he has been denied equal protection and due process in his commitment and release proceedings; the October 2020 arrest warrant violated the Double Jeopardy Clause; he received ineffective assistance of counsel throughout his commitment and release proceedings; and he has been subjected to cruel and unusual punishment. [Dkt. No. 1-1]. The petition sought an order "declaring [his] continued and prolonged detention unlawful and ordering [his] immediate release." Id. at 2. On March 13, 2023, Pendleton filed a "similar" Petition for Writ of Habeas Corpus with the Virginia Supreme Court, seeking to have the October 2020 warrant quashed, among other forms of relief. [Dkt. No. 1] ¶ 123; [Dkt. No. 1-2]. According to his Petition for Writ of Mandamus, the Virginia Supreme Court dismissed his habeas petition for failure to provide proof of service. [Dkt. No. 12-1] at 7; [Dkt. No. 10-1] at 3.

The Complaint before this Court includes fourteen counts challenging the legality of the events that resulted in the warrant for his arrest and the revocation of Pendleton's conditional

release, which "ostensibly recommit[ed] him to be returned to the custody of the Commissioner of DBHDS, [defendant] Nelson Smith." [Dkt. No. 1] ¶ 127. In other words, the substance of plaintiff's pleading reads as an attack on an ongoing state criminal proceeding—the arrest warrant for leaving the state while on conditional release—and the revocation of plaintiff's conditional release, which is a civil proceeding. See Va. Code Ann. § 19.2-182.8 (West) (revocation of conditional release "is a civil proceeding").

The Complaint must be dismissed because it constitutes an attack on ongoing state criminal and civil proceedings, for which neither his § 1983 complaint nor his petition for writ of habeas corpus are appropriate.[3] Rather, Pendleton—who is a fugitive from justice—should return to Virginia and seek relief directly from the Circuit Court of Arlington County where his arrest warrant and conditional release proceedings are pending. Moreover, this civil action must be dismissed because of the "fundamental policy" that federal courts should abstain from interfering in ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 46 (1971). Specifically, "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43-44. In Middlesex City Ethics Committee v. Garden State Bar Association, the Supreme Court further clarified that a federal court should refrain from exercising jurisdiction if (1) there is an ongoing state judicial proceeding that began

[3] As a matter of law, several of the named defendants have immunity from this lawsuit. For example, Judge Louise DiMatteo has absolute judicial immunity because her decisions to revoke Pendleton's conditional release and issue an arrest warrant fall squarely within her capacity and jurisdiction as a presiding judge in the Arlington Circuit Court. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (explaining that judicial immunity can only be overcome if a judge takes actions outside her judicial capacity or takes actions in the absence of all jurisdiction). The Clerk of the Circuit Court of Arlington County and his staff are similarly protected because absolute immunity "applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function." Jackson v. Houck, 181 F. App'x 372, 373 (4th Cir. 2006).

before any substantial progress in the federal proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. 457 U.S. 423, 432 (1982); see Robison v. Thomas, 855 F.3d 278, 285 (4th Cir. 2007).

All of the factors articulated in Middlesex are present in this case. Pendleton's pleading attacks both the revocation of his conditional release and the related arrest warrant issued by the Arlington Circuit Court, which are part of ongoing state court proceedings that began long before this civil action. Plaintiff's Complaint and the habeas petition he filed in this civil action also undoubtedly implicate the Commonwealth of Virginia's "substantial[] and vital" interest in "prevent[ing] violations of its criminal laws and maintain[ing] the efficient operation of its criminal justice system." See McSheffrey v. Wilder, 2022 WL 2806720, at *3 (E.D. Va. July 18, 2022).

Although the Younger abstention doctrine does not always bar federal courts from hearing challenges to ongoing state prosecutions if there is a showing of bad faith or harassment by state officials responsible for the prosecution, the state law to be applied in the criminal proceeding is violative of express constitutional provisions, or there exist other extraordinary circumstances in which irreparable injury can be shown, Pendleton has failed to meet any of these exceptions. Younger, 401 U.S. at 53-54. Pendleton cannot demonstrate any bad faith or harassment for the revocation of his conditional release or issuance of the arrest warrant because, by his own admission, he "fled Arlington" without permission while he was on conditional release instead of appearing at his October 2020 show cause hearing and his May 2021 conditional release violation hearing. [Dkt. No. 1] ¶ 104. He similarly does not meaningfully challenge any state law as violative of the Constitution, and his allegations do not meet the high standard of showing irreparable harm through "proven harassment or prosecutions undertaken by

state officials in bad faith without hope of obtaining a valid conviction." Perez v. Ledesma, 401 U.S. 82, 85 (1971). Because the basic requirements for Younger abstention are present in this case, and because plaintiff has failed to show that any exceptions to Younger abstention should apply, this Court will not interfere with the state court proceedings. Accordingly, it is hereby

ORDERED that this civil action be and is DISMISSED; and it is further

ORDERED that all pending motions are DENIED AS MOOT.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to plaintiff, Jonathan Eric Pendleton, pro se, and to close this civil action.

Entered this 3rd day of October, 2023.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge